

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 1 8 2007
DEC 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JERZY ("GEORGE") JEDRZEJOWSKI )
MARIA JEDRZEJOWSKI, ELIZABETH )
MILLER and HENRYKA DYBALSKA )
)

     Plaintiffs,

vs.

BUREAU OF CITIZENSHIP and
IMMIGRATION SERVICES,

     Defendant.

07CV7089
JUDGE DARRAH
MAG. JUDGE SCHENKIER

)
)

## COMPLAINT FOR DECLARATORY JUDGMENT
## MANDAMUS AND INJUNCTIVE RELIEF

Plaintiffs, Jerzy "George" Jedrzejowski and Maria Jedrzejowski, Elizabeth

Miller and Henryka Dybalska by their attorney Richard J. Puchalski,

complaining against the defendant, U.S. Citizenship and Immigration Services,

("CIS") allege as follows:

## COUNT I

**Jurisdiction, Venue and Parties**

     (1)    This is an action for declaratory and injunctive relief pursuant to

28 U.S.C. Section 2201 and 28 U.S.C. Section 1331 and authorized by the

Administrative Procedure Act, 5 U.S.C. 706. Jurisdiction is also based under

8 U.S.C. Section 1329 and 8 U.S.C. Section 1255 relating to applications for adjustment of status and the Equal Access to Justice Act, 5 U.S.C. Section 504 and 28 U.S.C. Section 2412. Plaintiffs seek declaratory and injunctive relief relating to the defendant's failure to timely adjudicate the plaintiffs' adjustment of status applications that have been pending since December 3, 2002. Plaintiffs also allege that the defendant's actions in this case amounts to a violation of procedural and substantive due process of law under 8 U.S.C. 1255. In the alternative, jurisdiction is also based under the Mandamus Act, 28 U.S.C. Section 1361.

(2)    Venue lies in this Court under 28 U.S.C. Section 1391(e), since the plaintiffs' adjustment of status applications are being processed in the Chicago office of the defendant, the plaintiffs reside within the Northern District of Illinois.

(3)    Defendant, CIS, is the governmental body with the power and authority to grant immigrant visas to aliens seeking permanent resident status in the United States. As part of this authority, the CIS has the power to grant the adjustment of status applications to aliens with approved visa petitions and their immediate family members.

2

**Claims of George Jedrzejowski and Maria Jedrzejowski**

(4)     Plaintiff George Jedrzejowski is a citizen and national of Poland. Plaintiff Maria Jedrzyowski is his wife, who is also a citizen and national of Poland.

(5)     On or about March 1, 2001 a labor certification was filed on behalf of George Jedrzejowski by his employer, Sloan Industries, Inc. The labor certification was approved and a visa petition was filed by Sloan Industries on behalf of George Jedrzejowski, which was also approved.

(6)     On or about December 5, 2002, the plaintiffs filed applications for adjustment of status pursuant to 8 U.S.C. §1245, based upon the approved visa petition George Jedrzejowski had received. The file number assigned to George Jedrzejowski is A23 675 640. The file number for Maria Jedrzejowski is A96 529 968.

(7)     On October 14, 2005, the plaintiffs appeared for their adjustment of status interview before the defendant's agent Officer Miller. Upon the completion of these interviews Officer Miller indicated that he would grant the adjustment of status applications, but his computer showed that Mr. Jedrzejowski had a previous file and the applications could not be

3

approved until Officer Miller had an opportunity to retrieve and review the previous file. The plaintiffs were informed by Officer Miller that if there was nothing detrimental in this other file, he would approve the adjustment of status applications.

(8)    On or about September 13, 2006, the plaintiffs were notified that they had been re-scheduled for adjustment of status interviews on October 17, 2006.

(9)    On October 17, 2006, the plaintiff's appeared for their second adjustment of status interview before the defendant's agent, Officer Tuazon. Plaintiffs explained to Officer Tuazon that they have previously been interviewed and were merely awaiting the retrieval of George Jedrzejowski's prior file.

(10)    Officer Tuazon indicated that the Chicago office of the CIS still had not received the file and that the adjustment of status interview would have to be rescheduled.

(11)    To date, the plaintiff's adjustment of status applications have not been approved, nor have the plaintiffs been notified as to the outcome of their cases.

4

(12) Plaintffs, through legal counsel, checked the status of their cases with the CIS on February 8, 2007 and again on May 10, 2007. On both occasions, the CIS indicated that the defendant still has not retrieved this previous file.

(13) The plaintiffs have satisfied all the requirements for adjustment of status, but the CIS has wrongfully denied or failed and refused to adjudicate and finalize these applications.

(14) In view of the defendant's action as aforesaid and the plaintiff's contentions that such action is unreasonable and unjustified, there is an actual controversy within the jurisdiction of the Court and declaratory, mandamus and injunctive relief will effectively adjudicate the rights of the parties.

(15) Plaintiffs have no administrative remedies to exhaust. There are no remedies provided for neglect of duty.

(16) Mandamus is appropriate in this case and plaintiffs have no other remedy at law. Plaintiffs seek to compel administrative action unreasonably delayed under the Administrative Procedure Act and the Mandamus Act.

WHEREFORE, Plaintiffs George Jedrzejowski and Maria Jedrzejowski ask for the following relief as to Count I of this complaint.

(A)    That the Court take jurisdiction and judicially review the aforementioned administrative action.

(B)    That the Court order the defendant to adjudicate the plaintiffs' adjustment of status applications in a timely manner.

(C)    That these plaintiffs be awarded reasonable attorney's fees pursuant to 28 U.S.C. Section 2412 and 5 U.S.C. Section 504 of the EAJA.

(D)    For any such other and further relief as may be proper.

## COUNT II

**Claims of Elizabeth Miller and Henryka Dybalska**

(1-3)  These plaintiffs re-allege Paragraphs (1) through (3) of Count I as Paragraphs (1) through (3) of this Count.

(4)    Plaintiff, Elizabeth Miller is a citizen of the United States. Plaintiff, Henryka Dybalska is a citizen and national of Poland and the sister of Elizabeth Miller.

(5)    On or about July 16, 1993 Elizabeth Miller filed an immigrant visa petition on behalf of her sister Henryka Dybalska. On June 26k 2006, almost thirteen years later, that visa petition was approved.

6

(6)    On or about July 21, 2006, plaintiff Dybalska filed an application for adjustment of status pursuant to 8 U.S.C §1245, based upon the approved visa petition filed by her sister, Elizabeth Miller. The file number assigned to Henryka Dybalska is A 88 944 138.

(7)    On October 12, 2006, plaintiffs Miller and Dybalska appeared for the adjustment of status interview before and interviewing officer of the defendant.

(8)    Upon the completion of this interview the plaintiff's were told that they would receive a decision in the mail.

(9)    To date, plaintiff Dybalska's application for adjustment of status has not been approved, nor have the plaintiffs been notified as to the outcome of their case.

(10)    Plaintiffs, through legal counsel, checked the status of their cases with the CIS on February 8, 2007, on May 10, 2007 and on August 10, 2007. On all occasions, the CIS indicated that the defendant still has not reached a decision.

(11)    These plaintiffs have satisfied all the requirements for adjustment of status, but the CIS has wrongfully denied or failed and refused to adjudicate and finalize this application.

7

(12)   In view of the defendant's action as aforesaid and the plaintiffs' contentions that such action is unreasonable and unjustified, there is an actual controversy within the jurisdiction of the Court and declaratory, mandamus and injunctive reliev will effectively adjudicate the rights of the parties.

(13)   Plaintiffs have no administrative remedies to exhaust.  There are no remedies provided for neglect of duty.

(14)   Mandamus is appropriate in this case and plaintiffs have no other remedy at law.   Plaintiffs seek to compel administrative action unreasonably delayed under the Administrative Procedure Act and the Mandamus Act.

WHEREFORE, Plaintiffs Elizabeth Miller and Henryka Dybalska ask for the following relief as to Count II of this Complaint.

(A)   That the Court take jurisidciton and judicially review the aforementioned administrative action.

(B)   that the Court order the defendant to adjudicate the plaintiffs' adjustment of status application in a timely manner.

(C)   That these plaintiffs be awarded reasonable attorney's fees pursuant to 28 U.S.C. Section 2412 and 5 U.S.C. Section 504 of the EAJA.

8

(D)    For any such other and further relief as may be proper.


Respectfully Submitted,
Richard J. Puchalski


By: _____
Attorney for Plaintiffs



Richard J. Puchalski
111 W. Washington Street
Suite 751
Chicago, IL 60602
(312) 332-4428